UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARY ELLE FASHIONS, INC., <br> d/b/a MERIDIAN ELECTRIC, <br><br> Plaintiffs, <br><br> vs. <br><br> JASCO PRODUCTS CO., LLC, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 4:15 CV 855 RWS <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM AND ORDER**

Plaintiff Mary Elle Fashions, Inc., doing business as Meridian Electric ("Meridian") brought this patent infringement suit against defendant Jasco Products Co., LLC ("Jasco") alleging that Jasco was infringing on its LED night light replacement bulb design patent. Jasco filed counterclaims seeking a declaratory judgment that its product did not infringe the Meridian patent and seeking attorney's fees and costs under 35 U.S.C. § 285. Meridian now moves to voluntarily dismiss all claims in this case with prejudice because "it now appears that Jasco made some sales of the Accused Device [] to Walmart more than one year prior to Meridian's filing of its application for the Patent." [#24] at 3. Jasco does not oppose the dismissal of the patent infringement claims, but does oppose the dismissal of its counterclaims for attorney's fees and costs, and Jasco cross-moves to recover those fees and costs. This case is not an "exceptional" case and attorney's fees will not be assessed against Meridian. Consistent with statutory authority, the Federal Rules of Civil Procedure, and this Court's local rules, however, Jasco is awarded costs as a prevailing party.

**Legal Standard**

Section 285 of the Patent Act authorizes a district court to award attorney's fees in patent litigation. It provides that "[t]he court in exceptional cases may award reasonable attorney fees

to the prevailing party." 35 U.S.C. § 285. "This text is patently clear. It imposes one and only one constraint on district courts' discretion to award attorney's fees in patent litigation: The power is reserved for 'exceptional' cases." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1755-56, 188 L. Ed. 2d 816 (2014). An "exceptional" case "is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Id.* at 1756. By definition, "exceptional" cases are "uncommon," "rare," or "not ordinary." *Id.* "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.*

Federal Rule of Civil Procedure 54(d) provides, in relevant part, "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Rule 54(d)(1). "A prevailing party is presumptively entitled to recover all of its costs." *Thompson v. Wal-Mart Stores, Inc.*, 472 F.3d 515, 517 (8th Cir. 2006) (internal citation omitted). "To rebut the presumption that the prevailing party is entitled to recover all of its costs, the district court must provide a rationale for denying the prevailing party's claim for costs." *Id.* (internal citation omitted). Title 28 U.S.C. § 1920 sets out the types of costs that may be awarded to the prevailing party.

## Discussion

### A. Attorney's Fees

I first address Jasco's cross-motion for attorney's fees and costs. Jasco argues that it should be awarded attorney's fees because "Meridian (1) ignored Jasco's pre-litigation statements regarding invalidating prior sales of the Accused Product; (2) filed this lawsuit in the face of Jasco's prior sales; (3) continued to prosecute its desperate case undeterred by growing evidence; and (4) has finally moved to voluntarily dismiss its case now that the mound of

2

evidence is too high for even Meridian to ignore." ECF [#27] at 2. Jasco argues that Meridian knew or should have known that Jasco had sold its competing product since 2008, which was two years before Meridian filed for its design patent and therefore means that the design patent is invalid or Jasco does not infringe. *See* 35 U.S.C. § 102(b). Jasco sets out details of the parties communications prior to the filing of this suit and during litigation showing that Jasco provided Meridian with statements affirming and documentation of its prior sales. And while Meridian now seeks dismissal of this suit, Jasco argues that its reaction was not prompt enough and that Meriden acted in bad faith in pursuing its claims in the face of the prior sales evidence.

Having reviewed the parties' briefs, supporting documents, and the relevant authority, I cannot say that this is an exceptional case justifying the award of attorney's fees. The timeline of events set out in the parties briefs and, in particular, in Meridian's memorandum in opposition to Jasco's cross-motion for fees and costs, *see* ECF [#32], shows that Meridian had sufficient support for its claims at the time it brought suit and during the pendency of the suit. Meridian possessed, for example, its presumptively valid patent for its own night light replacement blub at the time the suit was filed. Patent No. D653,364; 35 U.S.C. § 282. Meridian has also shown that, although Jasco produced some evidence after the suit was filed suggesting that it had made prior sales, the evidence did not conclusively show that its suit was meritless, especially in light of certain contradictory information in Meridian's possession. For example, Meridian had emails and statements from the relevant buyer at Walmart that suggested that no other light bulbs of this particular kind had been sold by Walmart in the relevant time period. *See* Christenson statement, Ex. D to Corwin Declaration, ECF [#36-4].

Moreover, once Meridian was presented with more conclusive evidence of Jasco's prior sales, it was diligent in moving to dismiss this case. On October 30, 2015, Jasco provided Meridian with the Consumer Testing Laboratories, Inc. ("CTL") reports from 2008 and 2009 that

3

had been prepared for Walmart of its prior sales, which suggest that Walmart was selling the Jasco product as early as 2008. Meridian's counsel then reviewed and responded to the CTL reports in early November with follow up questions. Then, on December 10, 2015, Jasco's counsel inspected the Jasco light bulb that Meridian had in its possession and discovered that it was stamped with a 2008 copyright date.[1] That same day, Meridian filed its motion to dismiss this case with prejudice. One week later, Meridian amended its motion to include a covenant not to sue.[2]

Considering the totality of the circumstances, I cannot say that this case was exceptional, uncommon, or rare. *See Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1755-56, 188 L. Ed. 2d 816 (2014). Proof of prior sales is a common defense to a claim of patent infringement, and it is not the exceptional case where the defendant is successful in such a defense. Nor was Meridian's response to the information gathered during discovery exceptionally prolonged or otherwise out of the ordinary. As a result, I will deny Jasco's request for attorney's fees.

**B. Costs**

Jasco also moves for costs to be awarded pursuant to 28 U.S.C. § 1920 and FRCP 54(d). "A prevailing party is presumptively entitled to recover all of its costs." *Thompson v. Wal-Mart Stores, Inc.*, 472 F.3d 515, 517 (8th Cir. 2006) (internal citation omitted). When a party unilaterally seeks dismissal of an action pursuant to FRCP 41(a)(2), as is the case here, the opposing party is often regarded as the prevailing party for purposes of an award of costs. *See*

---

[1] Meridian's previous counsel possessed a Jasco lightbulb at the time it filed suit, which it referenced in its cease and desist letter. But Meridian represents that it had since lost that lightbulb, and the one it had in its possession at the time of the December 10, 2015 inspection (which was stamped with the 2008 copyright date) had only been provided to counsel by Meridian the day before, and Meridian's counsel had not opened the package or seen that copyright date until Jasco's counsel inspected the lightbulb.
[2] Additionally, at the time of Meridian's motion to dismiss, this action had only been pending for approximately six months, and it appears that it has not progressed beyond the initial phases of discovery, with no depositions or expert analyses having been done.

*Power Mosfet Techs., L.L.C. v. Siemens AG*, 378 F.3d 1396, 1416 (Fed. Cir. 2004) ("[t]he dismissal of a claim with prejudice [] is a judgment on the merits").

Meridian briefly argues that I should deny Jasco's request for costs because Jasco could have avoided the expense of litigation by providing Meridian with evidence of its prior sales before this suit was filed and in response to the cease and desist letter. I am not persuaded that the presumption of a cost award should be overcome in this case. As a result, I will grant Jasco's request for certain costs pursuant to 28 U.S.C. § 1920. In accordance with Local Rule 54-08.03, Jasco shall timely file with the Court a verified bill of costs using Court-approved Form AO-133.

**C. Motion to Dismiss**

Finally, I address Meridian's motion to dismiss. As noted above, Meridian moves to dismiss all claims with prejudice, and it has filed a covenant not to sue in which it covenants not to sue Jasco or its agents for any claim of infringement concerning the accused products in this action. Jasco does not oppose the motion to the extent it seeks dismissal of the patent claims, including its own counterclaims. For this reason and the reasons stated above, I find that dismissal of the patent claims and Jasco's counterclaim for fees is proper under FRCP 41(a)(2). As a result, Meridian's motion to dismiss will be granted and these claims will be dismissed *with prejudice*.

Accordingly,

**IT IS HEREBY ORDERED** that the Amended Motion of Plaintiff, Meridian Electric, to Dismiss All Claims [25] is **GRANTED** and this case is dismissed with prejudice.

**IT IS FURTHER ORDERED** that the Motion of Plaintiff, Meridian Electric, to Dismiss All Claims [23] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Defendant Jasco Products Company LLC's Conditional Opposition to Meridian Electric's Motion to Dismiss and Cross Motion for

5

Attorney's Fees and Costs [31] is **GRANTED** in part and **DENIED** in part. Jasco's request for fees is denied and its request for costs is granted. In accordance with Local Rule 54-08.03, Jasco shall timely file with the Court a verified bill of costs using Court-approved Form AO-133.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 4th day of February, 2016.